**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

YGORD BELIARD,

         Plaintiff,

  - v -                Civ. No. 1:14-CV-554
                        (MAD/RFT)

ALEXANDER B. PERRY; ABA/AMERICAN BAR
ASSOCIATION; LAWYER'S FUND FOR CLIENT
PROTECTION,

         Defendants.

**APPEARANCES:**           **OF COUNSEL:**

YGORD BELIARD
Plaintiff, *Pro Se*
0441
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Ygord Beliard pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Beliard is currently detained at the Buffalo Federal Detention Facility and has not paid the filing fee; instead, he has submitted a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App.

### I. DISCUSSION

#### A. Application to Proceed *In Forma Pauperis*

Upon review of Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the

filing fee. Thus, Plaintiff's IFP Application is **granted**.

## B. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in

>     a separate count or defense.
>
> FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### C. Allegations Contained in the Complaint

In drafting the Complaint, Plaintiff utilized a form typically used by individuals seeking vindication of their constitutional rights, pursuant to 42 U.S.C. § 1983. Although sparse, the Court finds that the following factual allegations are set forth in the Complaint, or set forth in Exhibits attached to and referenced within the Complaint.

On or about June 28, 2004, Defendant Alexander B. Perry, an attorney, was retained by

Plaintiff's cousin, with a payment of $3,500.00, "to perfect [Plaintiff's] criminal direct appeal." Compl. at p. 4.[1] While not stated within the four corners of the Complaint, according to documents attached to the Complaint, it appears that on or about June 24, 2004, Plaintiff was convicted in Rensselaer County Court of rape in the second degree, in violation of New York Penal Law § 130.30(1), attempted sodomy in the second degree, in violation of New York Penal Law §§ 110/130.45(1), and endangering the welfare of a child, in violation of New York Penal Law § 260.10(1). Dkt. No. 1-1, Compl. Exs. at pp. 13 & 37. The Exhibits also demonstrate that due to these convictions, Plaintiff's status as a lawful permanent resident was revoked and he was deemed subject to removal from the United States, to be sent back to his native country of Haiti. *Id*. at p. 13. Although retained to represent him on appeal, Perry did not perfect Plaintiff's appeal, and instead asserted that he had been retained to "perfect a 440 Motion."[2] Compl. at p. 4.

On or about May 10, 2010, the New York Appellate Division dismissed Plaintiff's direct appeal for failure to prosecute. *Id*. at p. 3. And, on December 20, 2010, Plaintiff was informed that no 440 motion had been filed in Rensselaer County Court by Defendant Perry on his behalf. *Id*. In January 2011, Plaintiff sought permission from the New York State Supreme Court, Appellate Division, Third Department, to vacate the 2010 order dismissing his appeal and reinstate his appeal due, in part, to the ineffectiveness of his appellate counsel. Compl. Exs. at pp. 34-47. On April 13, 2011, the Third Department granted Plaintiff's request and reinstated his appeal; and, on May 24,

---

[1] All citations to the Complaint and attached Exhibits are to the page numbers automatically assigned by the District's Case Management Electronic Case Files ("CM/ECF") System.

[2] Upon information and belief, Plaintiff is likely referring to a motion to vacate a judgment of conviction, which is filed, pursuant to New York Criminal Procedure Law § 440, in the state court that entered the judgment; although there are several sections of New York's Criminal Procedure Law that authorize this type of collateral attack on a criminal judgment, these motions are typically and collectively referred to as "440" motions.

-5-

2011, special appellate counsel was appointed on Plaintiff's behalf to represent him on appeal. *Id*. at pp. 48 & 50. While it is not entirely clear what has come of Plaintiff's appeal(s) of his state criminal convictions, the Court notes that Plaintiff includes two orders from the New York State Court of Appeals, issued in 2013, denying his applications for leave to appeal.[3] *Id*. at pp. 51 & 52.

The Court further notes that, according to documents attached to the Complaint, on April 7, 2011, the New York State Committee on Professional Standards ("the Committee") found Attorney Alexander B. Perry guilty of professional misconduct for violating several Rules of Professional Conduct, including, but not limited to, neglecting five client matters and attempting to mislead and deceive four clients; for these violations, he was suspended from practicing law for one year. *Id*. at pp. 28-31. Plaintiff's case may have been one of the cases considered by the Committee. *Id*. at p. 32. Then, on June 16, 2011, due to his failure to cooperate with the Committee's investigation, and because the misconduct continued while charges were pending with the Committee, the Committee concluded that in order to "protect the public, deter similar misconduct, and preserve the reputation of the bar, [Alexander Perry's] very serious pattern of misconduct warrants his disbarment." *Id*. at pp. 54-56.

On or about September 11, 2013, Plaintiff submitted a claim to The Lawyers' Fund for Client Protection ("The Fund") of the State of New York.[4] *Id*. at pp. 1-4. On March 24, 2014, The Fund

---

[3] The Court takes judicial notice that currently pending in this District is Beliard's Petition for a Writ of *Habeas Corpus*, dated August 31, 2013, which is based upon the same convictions and state court proceedings. *Beliard v. Rabsatt*, Civ. No. 9:13-CV-1092 (GLS/DEP). In assessing the validity of a Complaint, the Court is permitted to take judicial notice of facts that are not subject to reasonable dispute, such as documents filed on a court's docket. *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (court may take judicial notice of public documents even if not included in or attached to complaint); *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157 (1969) (taking judicial notice of related cases between same parties); *see also* FED. R. EVID. 201.

[4] Upon information and belief, The Lawyers' Fund for Client Protection is empowered by the New York State Legislature "to protect legal consumers from dishonest conduct in the practice of law, to preserve the integrity of the bar,
(continued...)

sent a notice to Plaintiff regarding his application for reimbursement of the funds that were submittted to Mr. Perry. *Id*. at p. 59. Therein, The Fund notified Plaintiff that upon completing its review and investigating his claim, the case was being closed. *Id*. The Fund noted that, pursuant to its Regulations, "when a claimant is able to obtain a lawyer to complete their case without any further legal fee, the fee paid to the first lawyer is not eligible for reimbursement." *Id*. Thus, because Plaintiff was being provided "free substitute counsel to complete" his case, the claim for reimbursement from The Fund was denied. *Id*.

By this action, Plaintiff claims that the Defendants violated several of his constitutional rights, including rights protected by the Sixth, Seventh, Eighth, and Fourteenth Amendments, and he seeks reimbursement of the $3,500.00 paid to Mr. Perry as well as the black suit and black shoes Mr. Perry allegedly stole from him. Compl. at pp. 4-5. He also asks that fines be imposed upon Mr. Perry in the amount of $350,000.00. *Id*.

### D. Analysis of Claims Presented

First and foremost, the Court notes that the format of Plaintiff's Complaint is woefully deficient. Although he utilized the *pro forma* complaint used by individuals seeking vindication of constitutional violations under 42 U.S.C. § 1983, he also included a typed page entitled "STATEMENT OF FACTS" which apparently is where he has attempted to set forth the facts supporting his claims for relief. Although there are separate paragraphs on this page, they are not numbered, nor are the paragraphs limited to single facts supporting his claims for relief. Instead,

---

⁴(...continued)
to safeguard the good name of lawyers for their honesty in handling client money, and to promote public confidence in the administration of justice in the Empire State." *See* The Lawyers' Fund for Client Protection website, *available at* http://www.nylawfund.org/who.html (last visited January 14, 2015); N.Y. JUD. LAW § 468-b (establishing a client security fund of the state of New York, with a board of trustees to be appointed by the New York State Court of Appeals).

it is in narrative form, and is mostly a commentary of his feelings about the Defendants, with a general catchall phrase directing the reader to review the attached Exhibits. Compl. at p. 3 ("That, facts are a sturborn [sic] thing[], and whatever may be our wishes, and/or, inclinations or the distactes [sic] of our passions, they cannot alter the states of facts and evidences [sic]. And, the fact of the matter is that, this man took my money, and/or, a money that I must return to the rightful owner. **Please See, Attach documents/evidences** [sic]." (emphasis in original)). As pled, Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, and is therefore subject to dismissal.

Nevertheless, because the Court is able to glean the salient facts underlying Plaintiff's claim for relief, we will continue our review.

### 1. § 1983 Claims

As noted above, in drafting the Complaint, Plaintiff utilized the *pro forma* complaint typically used by individuals seeking vindication of their constitutional rights *via* 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

The events purportedly giving rise to Plaintiff's § 1983 claims occurred in June 2004, when Mr. Perry failed to perfect an appeal or file a 440 motion on Plaintiff's behalf regarding his criminal conviction in New York State court. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action). Alternatively, giving due liberality to the *pro se* Plaintiff's claims, to the extent Plaintiff was unaware of Mr. Perry's failure to act on his behalf in 2004, he knew or had reason to know of Mr. Perry's failures by 2010, first in May when his appeal was denied and then in December when he was informed that no 440 motion had been filed on his behalf in county court. Yet, Plaintiff did not file his civil Complaint in this Court until May 2014. With a three-year statute of limitations for § 1983 actions, it appears that this action is not timely. *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years). Thus, because Plaintiff did not file this action until almost ten years after the claim accrued, or rather four years if it accrued from the time he first became aware of the claim, it is time-barred unless a tolling principle applies so as to excuse the delay. Notably absent from the Complaint are any explanations as to why Plaintiff waited so long to bring this action and is therefore subject to dismissal.

Alternatively, presuming for the moment, as we may be required to do, that Plaintiff's

tardiness in bringing this action could be excused through some tolling provision,[5] Plaintiff's claim still fails because he fails to assert facts that plausibly suggest that his constitutional rights were violated by a person acting under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994).

Here, by all measures, Mr. Perry is an individual with no nexus to the state aside from his admission and subsequent disbarment from the New York State bar. No where does Plaintiff allege that Mr. Perry "exercised power possessed by virtue of state law and made possible only because [he was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted). The fact that Mr. Perry at one time had been authorized by New York State to practice law does not relegate him to the status of acting under color of state law. Similarly, with regard to Defendant ABA/American Bar Association, there is simply no allegation by which Mr. Perry's actions can be connected to this private entity, nor that such entity acted under color of state law. *See Crawley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) ("For the

---

[5] The Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense, such as the statute of limitations, "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). However, while Plaintiff must establish in his Complaint that this Court has the requisite jurisdiction to entertain this action, he is not obligated to anticipate potential affirmative defenses, such as a statute of limitations, and thus, the Second Circuit does not require a plaintiff to affirmatively plead facts to thwart such a defense. *Abbas v. Dixon*, 480 F.3d 636, 639-640 (2d Cir. 2007). In giving Plaintiff all due liberality, we continue with our analysis of the sufficiency of the Complaint.

conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (internal quotation marks omitted)).

And with regard to The Fund, the Court acknowledges that this entity was created by state statute and, by the express terms of that statute, the members of the board of trustees are entitled to representation as if they are state employees, thus, there could possibly be an inference that the decisions rendered by The Fund's board of trustees as to claims of attorney misconduct with fees that could be attributable to the state. *See* N.Y. JUD. LAW § 468-b(1) & (7) (establishing a client security fund of the state of New York with the Court of Appeals appointing a board of trustees to administer the fund for client protection, and further establishing that each board of trustee "shall be considered employees of the state for the purpose of section seventeen of the public officers law"). There is nevertheless a paucity of any facts that would plausibly indicate that this entity violated Plaintiff's constitutional rights in any way. Instead, they apparently investigated Plaintiff's claim for reimbursement and determined that he is not eligible for such relief. The Court cannot fathom any constitutional right guaranteed to Plaintiff that has been infringed by virtue of this decision.

Accordingly, it appears that § 1983 would not be the proper vehicle for Plaintiff to seek judicial review of the claims herein and is subject to dismissal.

### 2. Other Claims Raised in the Complaint

Notwithstanding, the recommendation of dismissal of the § 1983 action, the Court is mindful of the Second Circuit's instruction to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). Thus, in light of his *pro se* status and his allegations of fraud and breach of contract, the Court has considered whether Plaintiff has plausibly pled any other cause of action and whether we have the requisite jurisdiction to entertain such claim.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted).

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)). In terms of prison inmates, there is a rebuttable presumption that they are deemed to have retained their pre-incarcerated domicile. *See Poucher v. Intercounty Appliance Corp.* 336 F. Supp. 2d 251, 253-54 (E.D.N.Y. 2004) (collecting cases). Whereas corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the Complaint, Beliard provides that he currently is incarcerated at the Buffalo Federal Detention facility, which is located in Buffalo, New York, and apparently resided in New York prior to his criminal conviction and subsequent incarceration. Compl. at p. 1; *see also* Compl. Exs. at p. 13 (noting that Plaintiff was "admitted to the United States at New York, NY on or about June 11, 1994 as a Lawful Permanent Resident"). With regard to each Defendant, Beliard notes that Alexander Perry lives in Troy, New York, The Fund is based in Albany, New York, and the ABA Headquarters is located in Chicago, Illinois. Compl. at pp. 1-2.

Here, we do not have complete diversity because at least two of the Defendants are citizens of the same State as Plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that the

diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

## II. CONCLUSION

Based upon the above discussion, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. at 557). Under such circumstances, the Court would normally grant a *pro se* litigant, such as Plaintiff, an opportunity to amend the Complaint in order to avoid dismissal. *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). However, such measures are not warranted here because, as explained above, any amendment would be futile in light of other infirmities plaguing this action. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal is appropriate where leave to amend would be futile).

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and for lack of jurisdiction with regard to any state claims that may be raised; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail at the address listed in the Docket Report.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date:  January 15, 2015
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge