**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**YGORD BELIARD,**

                             **Plaintiff,**

    vs.                                              **1:14-CV-00554
                                                                (MAD/RFT)**

**ALEXANDER B. PERRY,**

                             **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

YGORD BELIARD
0441
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* plaintiff, Ygord Beliard, is an inmate currently in the custody of the Buffalo Federal Detention Facility. *See* Dkt. No. 1. Plaintiff commenced this civil rights action on May 12, 2014, and named Alexander B. Perry, the American Bar Association, and the Lawyers Fund for Client Protection as Defendants. *See id.* Plaintiff also submitted a Motion for Leave to Proceed *In Forma Pauperis*. *See* Dkt. No. 2. In a January 15, 2015 Report-Recommendation and Order, Magistrate Judge Randolph Treece granted Plaintiff's motion to proceed *in forma pauperis*, but recommended that Plaintiff's claims be dismissed for failure to state a claim and lack of jurisdiction. *See* Dkt. No. 6. On January 29, 2015, Plaintiff submitted what was construed as an amended complaint in which he only named his former attorney, Alexander B.

Berry, as Defendant. *See* Dkt. No. 8. Liberally construing the *pro se* amended complaint, it appears that Plaintiff objects to the alleged untimeliness of his § 1983 claim. *See id.* Currently before the Court is Magistrate Judge Treece's recommendation to dismiss Plaintiff's complaint, as well as Plaintiff's amended complaint.[1]

## II. BACKGROUND

For complete recitation of the factual background, refer to Magistrate Judge Treece's Report and Recommendation. *See* Dkt. No. 6 at 4-7.

On January 15, 2015, Magistrate Judge Treece issued a Report-Recommendation and Order in which he recommended that Plaintiff's § 1983 claims be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. *See* Dkt. No. 6. Magistrate Judge Treece found that "the format of Plaintiff's complaint is woefully deficient" due to its complete failure to comply with Federal Rules of Civil Procedure 8 and 10. *See id.* at 7-8. Additionally, because there is a three year statute of limitations on § 1983 claims, and Plaintiff's claim began accruing in either 2004 or 2010, it appears that Plaintiff's claim is time-barred. *See id.* at 9. Finally, Magistrate Judge Treece found that this Court lacks jurisdiction over any plausible state claim that Plaintiff may raise because of an absence of diversity of citizenship. *See id.* at 11-14. Magistrate Judge Treece recognized that generally a *pro se* litigant should be afforded every opportunity to amend his or her complaint, but in this case, permitting such an amendment would be futile. *See id.* at 14

---

[1] Since Plaintiff was permitted to file an amended complaint as of right, the amended complaint is now the operative pleading. Therefore, only Plaintiff's claim against Defendant Perry remains.

On January 29, 2015, Plaintiff filed an amended complaint. *See* Dkt. No. 8. Plaintiff requested that his claim not be dismissed, despite the three year statute of limitations on § 1983 claims, because he mistakenly believed that he could not file a claim until his conviction was vacated. *See id.* Plaintiff argues that he only recently discovered that he does not have to wait to bring a claim against Defendant Perry. *See id.*

### III. DISCUSSION

**A.    Standard of Review**

*1. Proceeding* **In Forma Pauperis**

When a Plaintiff seeks to proceed *in forma pauperis,* "the court *shall* dismiss the case at any time if the court determines that the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). In other words, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*." *Moreman v. Douglas*, 848 F. Supp. 332, 334 (N.D.N.Y. 1994).

*2. Pleading Requirements*

Federal Rule of Civil Procedure 8 deals with the requirements for properly stating a claim: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. Pro. 8(a). The purpose of the Rule is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *E.E.O.C. v. Port Authority of New York and New Jersey*, 768 F.3d

3

247 (2d Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, Federal Rule of Civil Procedure 10 addresses the form of pleadings:

> **(b) Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (citation omitted).

### *3. Standard of review*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the

4

point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (other citations omitted). In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations and citation omitted). In addition, the court should exercise "extreme caution . . . in ordering sua sponte dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in the original). An opportunity to amend, however, is not required where "the problem with [P]laintiff's cause of action is substantive such that better pleading will not cure it." *Townsend v. Pep Boys, Manny Moe and Jack*, No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotations omitted). In other words, "allegations [that] are so vague

5

as to fail to give the defendants adequate notice of the claims against them" are rightfully subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

**B.     Section 1983 Claims**

Section 1983 establishes a civil cause of action for deprivation of rights secured by the Constitution: "Every person who, under color of [state law, subjects] . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. In order to state a claim under Section 1983, a plaintiff must show that: (1) "some person has deprived him of a federal right," and (2) "the person who deprived him of that right acted under the color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Plaintiff alleges the violation of the following federal rights: right to counsel, due process, equal protection, and access to the court. *See* Dkt. No. 8.

*1. State actor*

Although Plaintiff alleges the violation of certain federal rights, as required by the first prong of the test, Plaintiff cannot plausibly allege that Defendant was acting under the color of state law. The Supreme Court has held that a court-appointed attorney does not act under color of state law as is required by § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). In this case, Defendant was a privately hired attorney, which makes his connection to the state even more tenuous. The fact that Defendant was licensed to practice law in the New York State does not classify him as a state actor. *See, e.g. Aldrich v. Ruano*, 952 F. Supp. 2d 295, 301 (D. Mass. 2013) (citation omitted) ("The mere fact that [the lawyer was] licensed to practice law by the state is not sufficient to implicate state action").

Since Plaintiff has not and cannot plausibly allege that his privately hired attorney was acting under color of state law, the claim must be dismissed, as Magistrate Judge Treece correctly found.

### *2. Statute of limitations*

The statute of limitations applicable to Section 1983 claims is the "statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679 (2d Cir. 1993). In New York State, the statute of limitations for personal injury claims is three years. N.Y. Civ. Prac. L. § 214(5) (McKinney); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (holding that Section 1983 claims arising in New York are subject to a three-year statute of limitations). Further, accrual begins when the plaintiff "knows or has reason to know of the injury that is the basis for his action." *Pauk v. Bd. of Trustees of City Univ. Of New York,* 654 F.2d 856, 859 (2d Cir. 1981) (citation omitted).

In his amended complaint, Plaintiff alleges that Defendant Perry was retained on June 28, 2004. *See* Dkt. No. 8 at 3. Further, Plaintiff claims that, on May 10, 2010, the Appellate Division, Third Department dismissed his appeal for lack of prosecution. *See id.* Upon learning this, Plaintiff alleges that he reported Defendant Perry to the Committee on Professional Standards and, on April 7, 2011, Defendant Perry was suspended for one-year. *See id.*

Plaintiff certainly knew that Defendant Perry failed to appeal his conviction on or about May 10, 2010, when his appeal was dismissed for failure to prosecute. *See* Dkt. No. 8 at 3. Plaintiff did not file his initial complaint in this matter until almost four (4) years later on May 5, 2014. *See* Dkt. No. 1 at 5. Accordingly, in the alternative, the Court finds that Plaintiff's amended complaint must be dismissed because his claim is time-barred. Even assuming that his

7

claim did not accrue until Defendant Perry was disciplined on April 7, 2011, the complaint would still be more than one-month untimely.

Based on the foregoing, the Court finds that Plaintiff's claims brought pursuant to Section 1983 are untimely.

**C.     Other Claims Raised by Liberally Construing Plaintiff's *Pro Se* Complaint**

Liberally construing Plaintiff's *pro se* amended complaint reveals potential state-law claims of fraud and breach of contract. Since this Court does not have federal question jurisdiction, *see* 28 U.S.C. § 1331, diversity of citizenship must exist in order for this Court to hear Plaintiff's case.

Diversity jurisdiction requires that the amount in controversy exceeds $75,000 and must be between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State of different states

28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. Proc. 12(h)(3) (emphasis added).

In his complaint, Plaintiff states that he became a legal resident of the United States, and resided in New York State prior to his criminal conviction. *See* Dkt. No 1. Further, Plaintiff is currently incarcerated at the Buffalo Federal Detention Facility in Batavia, New York. *See id.* at 1. In addition, Plaintiff's amended complaint indicates that Defendant Perry lives in Troy, New York. *See* Dkt. No. 8 at 1. Therefore, both parties are citizens of New York State, and accordingly, Magistrate Judge Treece correctly found that diversity of citizenship does not exist between the

8

parties. Additionally, in his amended complaint, Plaintiff requests $10,500 dollars, in addition to the return of his black suit and black shoes. As such, the amount in controversy does not exceed $75,000.

Based on the foregoing, the Court finds that there is no basis to exercise jurisdiction over Plaintiff's state-law claims.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Treece's January 15, 2015 Report-Recommendation and Order is **ADOPTED**; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915, Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge